IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES MICHAEL HARKUM,

       Petitioner,

v.                              Civil Action No. 1:16CV123
                                (Criminal Action No. 1:03CR47-02)
UNITED STATES OF AMERICA,                     (STAMP)

       Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S § 2255 MOTION,
OVERRULING PETITIONER'S OBJECTIONS AND
GRANTING CERTIFICATE OF APPEALABILITY**

The petitioner, James Michael Harkum ("Harkum"), filed this pro se[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence under Johnson v. United States, 135 S. Ct. 2551 (2015). This matter was referred to United States Magistrate Judge Robert W. Trumble under Local Rule of Civil Procedure 72.01. The magistrate judge entered a report recommending that Harkum's motion be denied. Harkum filed timely objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the § 2255 motion, and overrules Harkum's objections.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I. <u>Background</u>

After a trial, Harkum was convicted of: (1) conspiracy to rob banks and interfere with commerce by threats of violence in violation of 18 U.S.C. § 371; (2) aiding and abetting in attempted bank robbery in violation of 18 U.S.C. § 2113(a); (3) aiding and abetting in armed bank robbery in violation of 18 U.S.C. § 2113(a); (4) Hobbs Act robbery in violation of 18 U.S.C. § 1951; and (6) two counts of aiding and abetting in the carrying or use of a firearm during and in relation to the armed bank robbery and the Hobbs Act robbery, each deemed to be a "crime of violence," in violation of 18 U.S.C. § 924(c). Harkum's first § 924(c) conviction in relation to the armed bank robbery was subject to a mandatory minimum sentence of seven years of imprisonment to run consecutively with any other term of imprisonment imposed because the firearm was brandished during the armed bank robbery. 18 U.S.C. § 924(c)(1)(A)(ii). Harkum's second § 924(c) conviction in relation to the Hobbs Act robbery was subject to a mandatory minimum sentence of 25 years of imprisonment to run consecutively with any other term of imprisonment imposed because it was a "second or subsequent conviction" for use of a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(C)(I). This Court sentenced Harkum to a total term of 462 months of imprisonment to be followed by a total term of five years of supervised release.

Harkum argues that the Supreme Court's holding in <u>Johnson v. United States</u> invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), also applies to § 924(c)(3)(B). He argues that his § 924(c) convictions are invalid because his predicate offenses of aiding and abetting in armed bank robbery and in Hobbs Act robbery were considered crimes of violence under § 924(c)(3)(B) and are, thus, are no longer crimes of violence after <u>Johnson</u>.

Magistrate Judge Trumble recommends that this Court deny Harkum's § 2255 motion, concluding that even if § 924(c)(3)(B) is unconstitutionally vague, Harkum's predicate offenses are crimes of violence under § 924(c)(3)(A) rather than subsection (B). In his objections, Harkum argues that a conviction for aiding and abetting a crime of violence can never include as an element "the use, attempted use, or threatened use of physical force against the person or property of another." Harkum analogizes aiding and abetting offenses to conspiracy offenses, and argues that the Fourth Circuit has held that conspiracy to commit a crime of violence could constitute a "violent felony" under the ACCA only under the residual clause of § 924(e). Harkum argues that the same should be true for aiding and abetting offenses because he did not have prior knowledge of his co-defendants being armed or intending to brandish their weapons.

3

## II. Applicable Law

Because the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Harkum argues that § 924(c)(3)(B) is unconstitutionally vague after the Supreme Court's holding in Johnson. He further argues that his convictions under § 924(c) are invalid because his predicate offenses were deemed to be crimes of violence under § 924(c)(3)(B).

### A. Application of § 924(C)(3)(B)

This Court must first determine whether Harkum's predicate offenses are classified as "crimes of violence" under § 924(c)(3)'s residual clause. Section 924(c)(3) defines the term "crime of violence" as "an offense that is a felony and--(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). "Section

4

924(c)(3)(A) is referred to as the 'force clause,' while section 924(c)(3)(B) is called the 'residual clause.'" United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015).

To determine whether an offense is a "crime of violence" under § 924(c)(3), the court must "employ the 'categorical approach' or the 'modified categorical approach.'" Fuertes, 805 F.3d at 498. Under the categorical approach, the court must "look only to the fact of conviction and the statutory definition of the [] offense." James v. United States, 550 U.S. 192, 202 (2007). The modified approach applies only where "a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps v. United States, 133 S. Ct. 2276, 2283 (2013). A statute is divisible where the "law requires that . . . to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute." Fuertes, 805 F.3d at 498. When a statute is divisible, the modified categorical approach allows the court to review the charging papers related to the offense for the sole purpose of determining which version of the offense was committed. Descamps, 133 S. Ct. at 2285-86.

First, Harkum's conviction for armed bank robbery in violation of 18 U.S.C. § 2113 is a "crime of violence" under the force clause. Section 2113 is a divisible statute because it sets forth

5

several separate offenses. Looking to the indictment here, Harkum was convicted under § 2113(a) and (d) for aiding and abetting in armed bank robbery.

> Armed bank robbery under § 2113[(a) and ](d) has four elements: (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation"; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device.

United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016) (quoting 18 U.S.C. § 2113(a)). Thus, the United States Court of Appeals for the Fourth Circuit has held that armed bank robbery is a "crime of violence" under § 924(c)(3)'s force clause because it includes as an element "the use, attempted use, or threatened use of physical force." Id. at 153.

Second, the issue of whether Hobbs Act robbery constitutes a "crime of violence" under the force clause is pending before the United States Court of Appeals for the Fourth Circuit. See United States v. Torrence, No. 16-4027; United States v. Ali, No. 15-4433; United States v. Simms, 15-4640; United States v. Mackie, No. 15-4664.[2] However, this Court agrees with the Second Circuit's

---

[2]This Court notes that the Fourth Circuit has issued orders holding Torrence and Mackie in abeyance pending its determination in United States v. Ali, No. 15-4433. See United States v. Torrence, No. 16-4027, Doc. 36; United States v. Mackie, No. 15-4664, Doc. 29.

6

holding in United States v. Hill, __ F.3d __, 2016 WL 4120667, *4 (2d Cir. 2016), that Hobbs Act robbery is a "crime of violence" under the force clause.

The Hobbs Act, 18 U.S.C. § 1951, provides that

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). Section 1951 is a divisible statute as it provides three versions of the offense; "robbery" as defined by subsection (b)(1), "extortion" as defined by subsection (b)(2), and conspiracy to rob or extort.[3] See United States v. Hancock, __ F. Supp. 3d __, 2016 WL 899239, *2-3 (D. Md. 2016) (concluding that § 1951 creates at least two separate offenses for robbery under subsection (b)(1) and for extortion under subsection (b)(2)); United States v. Clarke, __ F. Supp. 3d __, 2016 WL 1110306, *3 (D. Md. 2016) (concluding that § 1951 sets out separate offenses for robbery under subsection (b)(1) and for extortion under subsection (b)(2)); United States v. Williams, __ F. Supp. 3d __, 2016 WL 1555696, *6-7 (D. Me. 2016) (concluding that § 1951 creates three separate offenses for robbery under subsection (b)(1), for

---

[3]This Court notes that the petitioner in United States v. Mackie, 15-4664, argues that Hobbs Act robbery itself, but not § 1951 as a whole, is not divisible. See Mackie, 15-4664, Doc. 21 at 27-30.

7

extortion under subsection (b)(2), and for conspiracy to rob and extort).

Hobbs Act robbery has three elements: (1) that the defendant took or obtained "personal property from the person or in the presence of another, against his will"; (2) that the taking occurred through the use of "actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property"; and (3) that the taking obstructed, delayed, or affected interstate commerce. 18 U.S.C. § 1951(a), (b)(1); see also United States v. Reed, 780 F.3d 260, 271 (4th Cir. 2015).

In Hill, the petitioner argued that Hobbs Act robbery can be committed by placing the victim in fear of injury by something other than the "use, attempted use, or threatened use of physical force."[4] The Second Circuit rejected that argument, concluding that "'physical force' as used in [§ 924(c)(3)(A)] . . . means no more nor less than force capable of causing physical pain or injury to a person or injury to property," and that "placing a victim in fear of injury by threatening the indirect application of physical force is . . . sufficient to constitute the threatened use of physical force." Hill, 2016 WL 4120667 at *5, 6 (emphasis in original).

---

[4]This Court notes that the petitioner in United States v. Mackie, 15-4664, makes the same argument as the petitioner in Hill. See Mackie, 15-4664, Doc. 21 at 30-34.

Thus, Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3)'s force clause "because one of the elements of the offense is actual or threatened use of force and if the element of violence is not present, no conviction under section 1951 can occur." United States v. Hill, __ F.3d __, 2016 WL 4120667, *4 (2d Cir. 2016); see also United States v. Howard, __ F. App'x __, 2016 WL 2961978, *1 (9th Cir. 2016) (concluding that Hobbs Act Robbery constitutes a "crime of violence" under § 924(c)(3)(A)); cf. United States v. Farmer, 73 F.3d 836, 842 (8th Cir. 1996) (concluding that Hobbs Act robbery constitutes a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F) because "it has as an element the use, attempted use, or threatened use of physical force against the person of another").

Third, Harkum argues that neither his armed robbery nor his Hobbs Act robbery convictions may be a "crime of violence" under the force clause because those convictions are for aiding and abetting the offenses of conviction. He agues that aiding and abetting a crime of violence cannot itself be a crime of violence under the force clause. However, 18 U.S.C. § 2 provides that "[w]however commits an offense . . . or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). Thus, Harkum is punishable as a principal for his offenses and he is fully liable for these

9

complete offenses. Accordingly, each of Harkum's predicate offenses is a "crime of violence" under § 924(c)(3)'s force clause.

B. Application of Johnson

Even if Harkum's predicate offenses are "crimes of violence" under § 924(c)(3)'s residual clause, this Court finds that § 924(c)(3)'s residual clause is not unconstitutionally vague after Johnson. This issue is pending on appeal before the United States Court of Appeals for the Fourth Circuit. See United States v. Torrence, No. 16-4027; United States v. Ali, No. 15-4433; United States v. Simms, 15-4640; United States v. Mackie, No. 15-4664.[5] In the meantime the Fourth Circuit has noted that because "the language of [18 U.S.C.] § 16(b) is identical to that in § 924(c)(3)(B), . . . [the court has] previously treated precedent respecting one as controlling analysis of the other," and that "the circuits are divided as to whether § 16(b) and § 924(c)(3)(B) are unconstitutionally vague under Johnson." In re Hubbard, 825 F.3d 225, 230 n.3, 232 n.4 (4th Cir. 2016). Specifically, the Fifth, Sixth, Seventh, and Ninth Circuits have held that § 16(b) is unconstitutionally vague after Johnson. Shuti v. Lynch, __ F.3d __, 2016 WL 3632539, *9 (6th Cir. 2016); United States v. Gonzalez-Longoria, 813 F.3d 225, 234-35 (5th Cir.), reh'g en banc ordered,

---

[5]This Court notes that if the Fourth Circuit determines in Torrence, Ali, Simms, or Mackie that Hobbs Act robbery is a "crime of violence" under § 924(c)(3)'s force clause, then the court need not reach the issue of whether the residual clause is unconstitutionally vague.

10

815 F.3d 189 (2016); United States v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir. 2015); Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015). The Second, Sixth, and Eighth Circuits have held that § 924(c)(3)'s residual clause is not void for vagueness after Johnson. United States v. Hill, __ F.3d __, 2016 WL 4120667, *7, 12 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 376-79 (6th Cir. 2016); United States v. Prickett, __ F.3d __, 2016 WL 4010515, *1 (8th Cir. 2016) (per curiam).

Section 924(c)(3)'s residual clause is not unconstitutionally vague after Johnson because it is distinct from the ACCA's residual clause in three ways. Taylor, 814 F.3d at 376. First, § 924(c)(3)(B) is "distinctly narrower" than the ACCA's residual clause as "it deals with [the risk of use of] physical force rather than [the risk of] physical injury." Id.; see also Hill, 2016 WL 4120667 at *10. Second, it is not "linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the [ACCA's residual] clause." Taylor, 814 F.3d at 376; see also Hill, 2016 WL 4120667 at *9. Third, it does not share the ACCA's tortured history of failed attempts to "come up with a coherent interpretation of the clause," Taylor, 814 F.3d at 376; see also Hill, 2016 WL 4120667 at *9, rather "[p]rior to the decision in Johnson, courts had not encountered any significant difficulty in construing" § 924(c)(3)(B). United States v. Moreno-Aquilar, __ F. Supp. 3d __, 2016 WL 4089563, *6 (D. Md. 2016).

11

Further, the Fourth Circuit has noted that § 924(c)(3)(B) and the ACCA's residual clause "are similarly worded but not identically so." United States v. Fuertes, 805 F.3d 485, 499 n.5 (4th Cir. 2015). This Court, like other district courts in this circuit, finds the Sixth Circuit's reasoning in Taylor to be persuasive, see Moreno-Aguilar, 2016 WL 4089563 at *6-7; United States v. Green, No. RDB-15-0526, 2016 WL 277982, *3-5 (D. Md. Jan. 21, 2016), and this Court finds that § 924(c)(3)(B) is not unconstitutionally vague after Johnson.

C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the petitioner in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is appropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that Harkum has made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong or that any dispositive

12

procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Based on the fact that issues relevant to this Court's determination are pending on appeal before the Fourth Circuit and on the current circuit split regarding § 924(c)(3)(B)'s validity, this Court concludes that reasonable jurists would find this Court's rulings to be debatable. Accordingly, Harkum is GRANTED a certificate of appealability by this district court.

IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 6/375) is AFFIRMED AND ADOPTED. Accordingly, Harkum's § 2255 motion (ECF No. 1/365) is DENIED and Harkum's objections to the report and recommendation (ECF No. 386) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 21, 2016

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE